UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>REAL PROPERTY LOCATED IN LOS ANGELES, CALIFORNIA<br><br>Defendant. | Case No. CV 14-08127-ODW(FFMx)<br><br>**CONSENT JUDGMENT OF FORFEITURE [106]** |
| JASON P. HUNTER LIVING TRUST,<br><br>Claimant. | |

Pursuant to the stipulation and request of Plaintiff United States of America and claimant Jason P. Hunter Living Trust ("claimant"), the Court hereby enters this Consent Judgment of Forfeiture containing the terms set forth below:

On or about October 21, 2014, Plaintiff United States of America ("the United

States of America") filed a Complaint for Forfeiture alleging that the defendant Real Property In Los Angeles, California (the "defendant real property") is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7), and alleged in paragraph 6 of the complaint that a grant deed recorded against the defendant real property reflected the titleholder to the defendant real property was Jason P. Hunter, a single person, as the trustee of the Jason Phillip Hunter Living Trust, dated April 28, 2010.

The defendant real property has Assessor's Parcel Number 6011-013-020-000 and the following legal description:

> LOT 12 IN BLOCK 8 OF MCCARTHY COMPANY'S GREATER LOS ANGELES TRACT, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 9 PAGE 134 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

Claimant Jason P. Hunter Living Trust filed a claim to the defendant real property on October 16, 2017 and an answer and an amended answer to the complaint on November 3, and 13, 2017, respectively. No other parties have appeared in this case and the time for filing claims and answers has expired.

The government and claimant have now agreed to settle this action and to avoid further litigation by entering into this Consent Judgment of Forfeiture.

The Court, having been duly advised of and having considered the matter, and based upon the mutual consent of the parties hereto,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. This Court has jurisdiction over the subject matter of this action and the parties to this Consent Judgment of Forfeiture.

2. The Complaint for Forfeiture states a claim for relief pursuant to 21 U.S.C. § 881(a)(7).

3. Notice of this action has been given as required by law. No appearances have been made in the litigation by any person other than claimant. The Court deems that all

other potential claimants admit the allegations of the Complaint for Forfeiture to be true.

4. The United States of America shall have judgment as to the interests of claimants and all other potential claimants in the defendant real property. The defendant real property is hereby condemned and forfeited to the United States of America.

5. The Los Angeles County Recorder shall index this judgment in the grantor index under the name of the Jason P. Hunter Living Trust (or, if appropriate under the name of the Jason Phillip Hunter Living Trust; Chantel Hunter Mah and Shenise Evans, as successor trustees of The Jason Phillip Hunter Living Trust dated June 19, 2014; or any other name currently on title relative to the defendant real property) and in the grantee index under the name of the United States of America.

6. Title having vested in the United States of America, the United States of America shall dispose of the defendant real property in the manner required by law. Upon disposition of the defendant real property, the proceeds of the sale of the defendant real property, to the extent such amounts exist, shall be payable in the following priority:

   a. first, payment to the County Assessor and Los Angeles County Tax Collector of all real property taxes assessed against the defendant real property, up to the date of entry of this Consent Judgment of Forfeiture;

   b. second, payment of all costs of escrow and sale, including real estate sales commissions and applicable fees triggered by the sale of the defendant real property (excluding any federal or state income taxes);

   c. third, payment of outstanding liens recorded against the defendant real property as of the closing of escrow, to the extent that (i) the lien remains outstanding; (ii) the lien was validly recorded against the defendant real property before the United States of America recorded its lis pendens against the defendant real property on or about October 23, 2014; and (iii) the United States Attorney's Office agrees in writing to the payment to the secured lienholder; and

   d. fourth, to the extent funds remain (the "net proceeds), those net proceeds shall be paid as follows: 95 (ninety five) percent of the net proceeds shall be paid

to the United States of America, which funds the United States of America shall dispose of in accordance with law, while the remaining 5 (five) percent of the net proceeds shall be paid to claimant or claimant's designee.

7. Shenise Evans, who along with Chantel Hunter Mah are now the sole successor co-trustees of claimant, may, on behalf of claimant, retain possession of (by continuing to reside on) the defendant real property until two weeks before escrow is scheduled to close. At the time that escrow opens on the sale of the defendant real property, the United States Marshals Service ("USMS") shall notify claimant through Shenise Evans, and provide Claimant with notice of a date to vacate the premises. In addition:

    a. Shenise Evans and any other third party then occupying the defendant real property is hereby ordered to vacate the defendant real property as of the date to vacate provided by the USMS. Should Shenise Evans fail to vacate the defendant real property by the deadline, or if any third party is then occupying the defendant real property unlawfully without the United States of America's written consent or lawfully with the United States of America's prior written consent, the United States of America may remove Shenise Evans and any such third party and their belongings from the defendant real property without further order of the Court.

    b. Upon vacating the defendant real property, claimant (including, but not limited to Shenise Evans) may not remove any fixture or appliances that are part of the defendant real property but may remove personal belongings, including appliances, that are not affixed to and embedded into the defendant real property. Should claimant have any question regarding whether a specific item can be removed from the defendant real property upon the vacation of the defendant real property, claimant shall contact the United States of America (through the United States Attorney's Office), provide a written list of each item claimant wishes to remove, and the United States of America (through the USMS) will advise whether claimant can or cannot remove the item.

8. While claimant retains possession of the defendant real property, it will not

take any action to negatively affect the marketability of the property, and will maintain it in substantially the same condition as it was on the date of the entry of this Judgment, including without limitation, maintenance of the front and backyard. Claimant shall maintain appropriate policies of insurance on the defendant real property until it vacates the defendant real property, including policies covering potential liability for personal injury or property damage occurring on or around the defendant real property. Claimant shall not commit waste of the defendant real property or permit the property to be used or occupied in any manner that would diminish the value of the defendant real property or invalidate any insurance policy on the property. Claimant will continue to pay any and all obligations that may be owing or may become due and owing relative to the defendant real property including, without limitation, mortgage payments, home equity loan payments, utility payments and real property tax payments. Claimant shall not cause any material alteration of the defendant real property without prior written consent of the United States of America, except that claimant may make emergency repairs, such as to protect the defendant real property from fire damage, without the prior written approval of the United States of America.

9. While claimant remains in possession of the defendant real property, it shall grant the United States of America (through the USMS and its contractors) access to the defendant real property between the hours of 8:00 a.m. and 5:00 p.m. if it is provided with 24 hours notice through any of its representatives. Notice may be provided by telephone or email and claimant must provide at least three valid forms of contact. Any violations of the provisions of this or the preceding paragraph may result in an adjustment of the payment to claimant set forth in paragraph 6d (by decreasing the amount of that payment) or the entry of an Order giving the United States of America immediate possession of the defendant real property.

10. If claimant vacates the defendant real property in accordance with paragraph 7, and for any reason escrow is cancelled, claimant shall have no right to re-enter or re-take possession of the property.

11. If claimant decides to vacate the defendant real property before any escrow opens relative to the sale of the defendant real property, claimant shall provide the United States of America two weeks prior notice before claimant vacates the defendant real property.

12. Claimant hereby releases the United States of America, its agencies, agents, officers, employees and representatives, including, without limitation, all agents, officers, employees and representatives of the Drug Enforcement Administration or the Department of Justice and their respective agencies, as well as all agents, officers, employees and representatives of any state or local governmental or law enforcement agency involved in the investigation or prosecution of this matter, from any and all claims (including, without limitation any petitions for remission, which claimant hereby withdraws), actions or liabilities arising out of or related to this action, including, without limitation, any claim for attorney fees, costs and interest, which may be asserted by or on behalf of claimant, whether pursuant to 28 U.S.C. § 2465 or otherwise.

13. Claimant further agrees to execute, as necessary and upon reasonable request by the United States of America, any documents necessary to effect the United States of America's disposition of the defendant real property.

14. The Court finds that there was reasonable cause for the institution of these proceedings. This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

15. The Court further funds that claimant did not substantially prevail in this action, and the parties hereto shall bear their own attorney fees and costs.

16. The United States of America and claimant consent to this judgment and waive any right to appeal.

17. The Court shall retain jurisdiction over this matter to enforce the provisions of this Consent Judgment of Forfeiture.

///

///

Tt is **FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 93) is **DISMISSED AS MOOT.**

    **IT IS SO ORDERED.**

Dated: August 3, 2018.

    THE HONORABLE OTIS D. WRIGHT II
    UNITED STATES DISTRICT JUDGE

Presented By:

NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United states Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

/s/ Victor A. Rodgers
VICTOR A. RODGERS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA